UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALE W. MILLER and ABBY HESS, | |
| Plaintiffs, | |
| v. | Case No. 10-cv-535-JPG-PMF |
| ALUMA-FORM, INC., | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Aluma-Form, Inc.'s Motion to Transfer (Doc. 24) and Memorandum (Doc. 25) in support thereof, to which Relators Dale Miller and Abby Hess filed a Response (Doc. 27) in opposition. Specifically, Defendant asks the Court to transfer this matter from the Southern District of Illinois to the Western District of Tennessee. Relators argue that Defendant's transfer motion should be denied or, in the alternative, they request leave to conduct limited discovery in order to more fully respond to Defendant's motion.

For the following reasons, the Court **GRANTS** the instant motion.

### BACKGROUND

On July 7, 2010, Relators filed their still-operative Complaint (Doc. 2) against Defendant in this Court, alleging *qui tam* claims for false advertising and/or marking of three expired patents pursuant to 35 U.S.C. § 292(a). The patents at issue are for "no-bolt crossarm braces" and two types of "wing cluster mounts" manufactured by Defendant and used in the electric utility industry.

1

Defendant competes in the electric utility industry by manufacturing apitong wood and aluminum-engineered hardware, bracket, and special structures. Defendant is a "relatively small company" with 124 employees and 5 executives. Doc. 25-1, p. 2. While it experienced projected gross sales of nearly $30 million dollars in 2010, its projected net income was only $120,872 for that same year. Defendant is organized under the laws of Tennessee and has its headquarters (and principal place of business) in Memphis, Tennessee, where its records are kept. Defendant advertises its products on a national scale, including the area that comprises the Southern District of Illinois. In crafting the instant motion, Defendant specifically identified ten of its Memphis employees that are likely to have discoverable information and that are likely to testify at trial about the patent markings at issue, any impact of those markings on Defendant's competitors, and damages. An Illinois trial would pose an obvious financial burden on Defendant, especially considering that the company cannot readily support litigation in the state. Defendant also specifically identified five material, non-party witnesses that will likely be called to testify at trial, three of which are much closer to Memphis than Benton, Illinois.

Meanwhile, Relator Miller is a citizen and resident of the Southern District of Illinois, and Relator Hess is a citizen and resident of Los Angeles, California (located within the Central District of California). A Tennessee trial would cause Relators to miss school and work. At trial, Relators intend to call competitors, distributors, and end-users of Defendant's products, some of which reside in the Southern District of Illinois. One such distributor is Graybar Electric, which has an office in Collinsville, Illinois, and apparently will not be able

to serve as a witness for Relators if this matter is transferred.

## ANALYSIS

**I.     Transfer of Venue Generally**

The parties concede that all jurisdictional ingredients — subject matter jurisdiction, personal jurisdiction, and venue — exist both in the Southern District of Illinois and the Western District of Tennessee.  When a suit is filed with proper venue in a district court, that court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).  The purpose of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citing *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960)) (quotation marks omitted).  The moving party bears the burden of showing particular circumstances that establish the transferee forum is clearly the more convenient of the two fora. *Coffey*, 796 F.2d at 219-20.

In evaluating whether to transfer a case, the district court must weigh the following factors of convenience: 1) the plaintiff's choice of forum; 2) the situs of material, underlying events; 3) the location of sources of proof; 4) the parties' access to and distance from each forum; and 5) the availability and access to witnesses. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *Neuman v. United States*, No. 07-CV-0362-MJR, 2008 WL 2959873, at *1 (S.D. Ill. July 31, 2008).  *See Coffey,* 796

F.2d at 219; 15 Charles Alan Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure* §§ 3847-53 (3d ed. 1997). These factors of convenience and fairness should be evaluated on an "individualized, case-by-case" basis. *Van Dusen*, 376 U.S. at 622. Additionally, the Court must weigh the interests of justice, including the courts' respective familiarity with the applicable law, the speed at which these types of cases are typically resolved via trial or otherwise in the respective forums, and the relation of the respective communities to the occurrence at issue. *See Research Automation*, 626 F.3d at 978; 15 Charles Alan Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure* § 3854 (3d ed. 1997)

Perhaps most importantly, it should be noted that the decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

## II.     Factors of Convenience

### A.     Relators' Choice of Forum

The first factor that district courts must consider in evaluating the overall convenience of the transferor and transferee fora is the plaintiff's choice of forum. "There is ordinarily a strong presumption in favor of the plaintiff's choice of forum[.]" *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982). This is especially true when the plaintiff's choice represents his home forum. *See id*. Therefore, upon first glance, it would appear that Relators' desire to litigate in the Southern District of Illinois should be given great deference because Relator Miller is a citizen and resident of said forum.

With that said, in *qui tam* actions like that currently before the Court, "courts generally do not afford [the plaintiff's choice] substantial weight . . . , where the plaintiff is suing on behalf of the United States and is not the real party in interest." *U.S. ex rel. Heathcote Holdings Corp., Inc. v. Leapfrog Enters., Inc.*, No. 10 C 1471, 2010 WL 5439721, at *2 (N.D. Ill. Dec. 27, 2010); *Simonian v. Monster Cable Prods., Inc.*, No. 10 C 1269, 2010 WL 4822899, at *1 (N.D. Ill. Nov. 22, 2010); *cf. U.S. ex rel. Hall v. Tribal Dev. Corp.*, 49 F.3d 1208, 1213 (7th Cir. 1995) ("[T]he United States is the real plaintiff in a *qui tam* action[.]"). In fact, a relator's venue choice should only be afforded little weight. *Zojo Solutions, Inc. v. Leviton Mfg. Co., Inc.*, No. 10 C 881, 2010 WL 4257546, at *1 (N.D. Ill. Oct. 20, 2010).

Here, contrary to the parties' assertions, it is the Government whose choice of forum is the primary consideration under this factor. Because the Government has yet to appear in this litigation, let alone indicate its preferred forum, this factor only tips slightly in Relators' favor because of their choice of forum and Relator Miller's citizenship and residency. But, as discussed *infra*, the operative facts have very little connection to the Southern District of Illinois, thereby further diminishing the significance of Relators' choice of forum. *See In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664-65 (7th Cir. 2003). *Heathcote Holdings*, 2010 WL 5439721, at *2; *Zojo Solutions*, 2010 WL 4257546, at *1 (citing *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995)).

B.   **Situs of Material Events**

Next, the Court considers the situs of material events. "Intellectual property cases generally focus on the 'activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration [of situs analysis].'" *FPC Corp. v. Uniplast, Inc.*, 994 F. Supp. 945, 947 (N.D. Ill. 1998) (citing *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott, Ltd.*, 807 F. Supp. 470, 474 (N.D. Ill. 1992)). This is especially true in false marking cases like that currently before the Court, where "the main issue . . . is whether defendant falsely marked its products and did so intentionally." *Heathcote Holdings*, 2010 WL 5439721, at *3. This understanding generally leads to a finding in defendant's favor. *See, e.g., id.*; *Simonian*, 2010 WL 4822899, at *2; *Zojo Solutions*, 2010 WL 4257546, at *2.

Here, there can be no doubt that the situs of material events is Memphis, Tennessee. The employees who made the decision (or non-decision) to continue stamping the underlying patents despite their expiration can be found at or near Defendant's Memphis headquarters. In fact, it is highly likely that the actual stamping of the patents at issue was and is conducted in Tennessee. Further, any advertising decisions as to the patented products would have been made and continues to be made in Memphis.

Relators argue that injuries, which allegedly represent material events, have occurred in the current forum because Defendants advertise and sell their products in the Southern District of Illinois and many consumers use their products here. This argument represents a slippery slope that the Court will not go down. According to Relators, *any* district in which

6

Defendant advertised or sold *any* product with an expired patent represents a situs in which a material event occurred.  This theory is simply too broad.  While Illinois certainly has an interest redressing harm to its citizens, someone like Relator Miller is not even the real party in interest.  *See Heathcote Holdings*, 2010 WL 5439721, at *3.  The Court also notes that Relators have not alleged any "actual" harm, or competitive injury, due to Defendant's purportedly false marking.  *Zojo Solutions*, 2010 WL 4257546, at *2.  Thus, this factor weighs heavily in Defendant's favor.

      C.     **Location of Sources of Proof**

In patent cases, "the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation and quotation marks omitted).  While the *Genentech* Court decided a patent *infringement* issue, its remarks hold true in false marking litigation.  *See, e.g., Heathcote Holdings*, 2010 WL 5439721, at *3; *Simonian*, 2010 WL 4822899, at *2; *Zojo Solutions*, 2010 WL 4257546, at *3.

Here, there can be no dispute that most sources of proof are located at Defendant's Memphis headquarters.  This proof will clarify the decisions (or non-decisions) that went into marking and advertising the underlying products.  While Relators argue that some documents relating to Defendant's distributors and end-users can be found in the Southern District of Illinois, it is almost certain that the Western District of Tennessee houses documents of greater quantity and relevance.

Relators' argument that technological advancements have somewhat negated this factor has some support from the Seventh Circuit. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.")[1]. The Court, however, will not be so brash as to ignore this factor wholesale as it is still routinely cited by federal courts deciding venue motions. Like the situs factor, the location of sources of proof factor weighs greatly in Defendant's favor.

### D.   Availability and Access to the Parties and Potential Witnesses

Finally, the Court considers the parties and proposed witnesses' access and availability to the fora. In the case at bar, these factors largely sway in Defendant's favor.

With respect to the convenience of the parties, Defendant's proposed forum would be inconvenient for Relators, and Relators' proposed forum would be inconvenient for Defendant. Nevertheless, this factor hardly represents gridlock. The inconvenience that would be experienced by Defendant is much more significant than what Relators would endure. Specifically, Defendant, again a "relatively small company" that cannot readily support litigation in Illinois, has identified ten of its employees that would travel to and likely

---

[1] The Court, however, takes issue with identifying Benton, Illinois, as a "major metropolitan area."

stay in Benton if this matter proceeded to trial.[2]  These employees could not work during trial, but most of them probably could if the Court shipped this matter to Tennessee. Meanwhile, Relators argue that they will have to miss school and work if the Western District of Tennessee obtains venue; of course, this is true no matter what for Relator Hess, again a citizen and resident of Los Angeles, California.  The remarkable impact that an Illinois trial would have on Defendant's business and a number of its employees cannot and will not be trounced by the unspecified inconvenience that Relator Miller would suffer from a Tennessee trial.  Therefore, this factor clearly belongs to Defendant.

The convenience of non-party witnesses is perhaps the most important factor for the Court to consider in deciding whether to transfer venue.  *Heathcote Holdings*, 2010 WL 5439721, at * 2; *Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 553 (S.D. Ill. 2004); *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999).  Here, three of Defendant's five non-party witnesses are much closer to Memphis than Benton.  If this matter were to remain in the current forum, they would undoubtedly be inconvenienced and possibly be beyond the subpoena power of this Court.  *See Heathcote Holdings*, 2010 WL 5439721, at *2; *Digital Background Corp. v. Apple, Inc.*, No. 07-cv-803-JPG, 2008 WL 8184337, at *3 (S.D. Ill. Mar. 17, 2008).  Meanwhile, Relators identify one corporate distributor (Graybar) of Defendant's products whose employees will not be able to testify if the Court transfers this matter to Tennessee.  Relators, however, do not explain *why*

---

[2] Bearing in mind that this matter is still in the early stages of litigation, the Court finds the declaration of Fred Newman, Chief Operating Officer for Defendant, sufficiently identifies the proposed trial testimony of Defendant's party and non-party witnesses.

Graybar's employees will be unable to testify, and the Court will not hazard a guess. This factor appears somewhat split, but the Court finds that the specifically-identified hardship described by Defendant is entitled to slightly greater weight.

## III.     Interests of Justice

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Van Dusen v. Barrack*, 376 U.S.612, 625 (1964*); Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. One of these factors is where the litigants are more likely to receive a speedy trial. *Id.*

In the instant case, both parties concede that the interests of justice do not favor one forum over the other. Although Defendant cites several statistics that compare the dockets of the two districts, none of these numbers is particularly telling. As such, the Court finds that the interests of justice do not align with either party.

## IV.     Summary

In sum, four of the five convenience factors rest with Defendant; in fact, three of these factors weigh *heavily* in Defendant's favor. On the other hand, Relators enjoy slight deference in their initial choice of forum, and the interests of justice do not favor either party. Indeed, it appears that *most* roads in this case lead to Tennessee.

Having carefully analyzed the relevant considerations of the venue transfer statute, the Court holds that Defendant has established the Western District of Tennessee is clearly more

convenient to the parties and witnesses than the Southern District of Illinois and that transfer of this matter is warranted.  To the extent the Relators request limited discovery to combat the instant motion, the Court holds that such discovery cannot overcome the hurdles of inconvenience, discussed *supra*, presented by the current forum.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Transfer (Doc. 24).  The Court hereby **TRANSFERS** this matter to the United States District Court for the Western District of Tennessee.

**IT IS SO ORDERED.**
**DATED: February 18, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**